WILLISTON SEMINARY *vs.* COUNTY COMMISSIONERS OF HAMPSHIRE.

Hampshire. September 18, 1888. — October 18, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Tax — Exemption — Accumulating Fund.*

An accumulating fund held in trust for the future benefit of an incorporated educational institution is, by force of the Pub. Sts. c. 11, § 5, cl. 3, exempt from taxation.

PETITION for a writ of certiorari to quash the proceedings of the county commissioners of Hampshire in refusing to abate a tax assessed upon the Williston Seminary by the town of Easthampton.

The petition alleged that the Williston Seminary was a corporation duly organized for educational purposes; that it was beneficially interested in bequests contained in the fourth and thirty-fourth clauses of the will of Samuel Williston, late of Easthampton, who died on July 18, 1874, and whose will was duly admitted to probate, which clauses were as follows:

" Fourth. I also give and bequeath to my said wife one hundred and fifty thousand dollars for her life, which sum of one hundred and fifty thousand dollars, after the decease of my said wife, I hereinafter give to Williston Seminary. . . .

" Thirty-fourth. I give and bequeath to the Williston Seminary, in Easthampton, an incorporated institution, which was originally founded and has been wholly endowed by me, the sum of two hundred and fifty thousand dollars, in manner and for the purposes following, that is to say: The sum of fifty thousand dollars is to be held in trust by my executrix and executors, the survivors or survivor of them, securely invested upon securities as good and safe as are now required by the best managed institutions for savings, until the same shall double and amount to the sum of one hundred thousand dollars, when it is to be paid over to the said Williston Seminary, making in fact my bequests to the said institution herein three hundred thousand dollars." Here followed directions to the trustees of the Semi-

nary as to the expenditure of a part of the bequest. " The remainder of said bequest to Williston Seminary, including the said sum of fifty thousand dollars, to be held in trust till it shall amount to the sum of one hundred thousand dollars as aforesaid, as also the sum of one hundred and fifty thousand dollars, hereinafter mentioned, to be held in trust until it shall amount to the sum of three hundred thousand dollars when received by the said trustees, I direct them to invest for the benefit of the said institution with special reference to the following objects." Here followed a list of the objects, and further directions to the trustees.

" I also give and bequeath to the Williston Seminary, after the decease of my said wife, the sum of one hundred and fifty thousand dollars, the life use of which is hereinbefore given to my said wife in manner following, that is to say : The said sum of one hundred and fifty thousand dollars is to be held in trust by my executors, the survivors or survivor of them, securely invested in manner last above prescribed, until the same shall double and amount to the sum of three hundred thousand dollars, when it is to be paid over to the said Williston Seminary for the objects above enumerated. . . . Provided, however, that all my bequests to Williston Seminary are subject to the payment of the following annuities from the time it shall receive the sum of two hundred and fifty thousand dollars after my decease, namely : 1. To Mrs. Mary Ann Graves, widow of Eli Graves, late of Southampton, deceased, one hundred dollars per annum.    2. To Sarah S. Richardson, of Hartford, Pa., one hundred dollars per annum.    3. To the widow of Birdseye Brooks, deceased, now supposed to be residing at New Haven or Bridgeport, Conn., fifty dollars per annum.    4. To Mrs. Dorcas Street, formerly Loomis, of Southampton, one hundred dollars annually. 5. To Mrs. Sophia Cooper, of Easthampton, fifty dollars annually.    The bequests to Williston Seminary herein are chargeable with these several annuities, which are payable by the Seminary to the annuitants respectively during the life of each, one half on the first day of January, and the other half on the first day of July, in each year and every year."

The petition further alleged, that the fund of $50,000, which was for convenience called the Williston Seminary Trust Fund, and the fund of $150,000, which was for convenience called the

Emily G. Williston Trust Fund, had neither of them increased to double its original amount, and both were still in the hands of the surviving trustees under the will; that the town of East-hampton in 1886 assessed taxes upon these two funds to Williston Seminary; that the Williston Seminary seasonably filed a petition to the county commissioners of Hampshire for an abatement of these taxes; and that the commissioners, at a hearing before them, did, as matter of law, rule that the two trust funds were not exempt from taxation as the personal property of Williston Seminary, and that the personal property constituting each of such trust funds was not exempt under any provision of the Pub. Sts. c. 11, § 5, or under any other provision of law, and dismissed the petition.

The petition further averred, that the ruling of the commissioners was incorrect, and that the trust funds were exempt from taxation, for the reason that they were accumulating funds, made by the Pub. Sts. c. 11, § 20, cl. 6, for purposes of taxation, the personal property of the person beneficially interested in the same, the person in the present case being an educational institution whose personal property was exempted from taxation under the Pub. Sts. c. 11, § 5, cl. 3.

The respondents demurred to the plaintiff's petition, on the grounds, "1st, that the plaintiff has not stated such a case as entitles it to any relief against these respondents, or as prayed for; and, 2d, because the ruling thereby complained of and sought to have reviewed, namely, that the funds therein referred to on the facts therein set out were taxable to the petitioner, and were not exempt under the Pub. Sts. c. 11, § 5, cl. 3, is in law correct."

Hearing on the petition and demurrer before *W. Allen,* J., who reserved the case for the consideration of the full court.

*J. C. Hammond & M. F. Dickinson, Jr.,* (*H. R. Bailey* with them,) for the petitioner.

*W. G. Bassett & D. Hill,* (*J. A. Wainwright* with them,) for the respondents.

C. ALLEN, J.  By the Pub. Sts. c. 11, § 20, cl. 6, "Personal property placed in the hands of a corporation or individual as an accumulating fund for the future benefit of heirs or other persons shall be assessed to such heirs or persons, if within the

Commonwealth." By the Pub. Sts. c. 3, § 3, cl. 16, in the construction of statutes the word "person" may extend and be applied to bodies politic and corporate. Under these provisions the property in question has been assessed to the Williston Seminary, that being treated as the corporation for whose future benefit the property was held as an accumulating fund. It was perhaps assumed that the property could not be assessed to the annuitants, whose annuities were made chargeable upon the bequests to the Seminary, and that it must be assessed to the Seminary if assessed at all. The amount of the annuities would be but a small proportion of the income from the fund; and other funds were also chargeable with the payment of them, and were more than sufficient for such payment, and the income from an annuity is taxable to those entitled to receive it. Pub. Sts. c. 11, § 4.

The question therefore is, whether the property held as an accumulating fund was properly assessed to the Seminary, in view of the Pub. Sts. c. 11, § 5, cl. 3, by which the personal property of literary, benevolent, charitable, and scientific institutions, incorporated within this Commonwealth, is exempted from taxation. It is contended on the part of the respondents, that this property is not yet the property of the Seminary; that the vesting of it is expressly postponed until certain conditions precedent are fulfilled; and that the possibility or probability that it will become the property of the Seminary cannot exempt it. But the statute of exemption is not limited to personal property in possession; it exempts all the personal property of such institutions, whether in possession or not. All property, real and personal, of the inhabitants of this State is taxable, except such as is expressly exempted by law; and the personal property of the enumerated institutions is expressly exempted by law. The word "property," in its ordinary legal signification, "is *nomen generalissimum*, and extends to every species of valuable right and interest." *Boston & Lowell Railroad* v. *Salem & Lowell Railroad*, 2 Gray, 1, 35. The right or interest which the Seminary has in this accumulating fund is properly described as its property.

An ordinary *cestui que trust* has a property in a fund held for his benefit; he has a right and interest which he may vindicate

in various ways.    If trustees violate their duty, make improper
investments, misuse or misappropriate the funds, the *cestuis que
trust* may bring them to account, and are the proper persons to
do so.    But especially in the present case the property held in
trust is, to all practical intents and purposes, the property of the
Seminary.    The legal title is in the trustees, but the whole ben-
eficial interest — unless, indeed, the annuitants are to be taken
into account — is in the Seminary.    It would be a strained con-
struction of the statutes to hold that this fund is to be consid-
ered as property of the Seminary for the purpose of taxation,
but not for the purpose of exemption.    The more natural and
reasonable construction is, that personal property, which under
the general tax laws would otherwise be taxable to the enu-
merated institutions, shall be exempt from taxation.    The clause
relied on by the respondents does not mean that in all cases
personal property placed in the hands of a corporation or indi-
vidual, as an accumulating fund for the future benefit of heirs
or other persons, shall be assessed at all events to such persons,
irrespective of exemptions, but that such shall be the method of
taxation.

In other cases, and ordinarily under the statutes as they
now stand, though formerly it was otherwise, personal prop-
erty held in trust is taxable to the trustee, if within the Com-
monwealth.    Pub. Sts. c. 11, § 20, cl. 5.    But in case of personal
property held in trust as an accumulating fund, the persons to
be assessed shall be those for whose future benefit the property
is held.    For the purpose of taxation, it is to be deemed their
property; they are the taxable owners.    Nobody else can be
assessed for it.    In the present case, the Seminary, as a body
politic and corporate, stands as the person for whose future ben-
efit the fund is held, and therefore, according to the method pre-
scribed by the general provision of law, would be taxable for it.
But under the exemption clause its personal property is exempt
from taxation.    The general law, providing the rule for the
method of taxation, does not have the effect to override the par-
ticular exemption.    The fact that, by the Pub. Sts. c. 12, § 22,
an action for the recovery of such a tax may be maintained
against the trustee, does not change the effect of the other
statutes.                                    *Certiorari to issue.*