NATHANIEL F. HUNT vs. ELIZABETH F. PERRY.

SAME vs. CURTIS A. PERRY.

SAME vs. ROBERT D. PERRY.

Norfolk.   January 14, 1896. — February 27, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Tax — Statute — Constitutional Law — Error in Assessment — Validity of
Reassessment — Committal to Collector.*

The provision of Pub. Sts. c. 11, § 20, cl. 5, in respect to personal property held in
trust, that, if the " trustee is not an inhabitant of the Commonwealth, it shall be
assessed to the person to whom the income is payable in the place where he
resides," applies to a case where the trust was created by the will of a testator
who lived and died in another State, and whose will was proved and allowed in
such State, and was never proved here.

Section 20, cl. 5, of Pub. Sts. c. 11, relating to the taxation of personal property
held in trust, where the trustee is not an inhabitant of the Commonwealth, so
construed as to apply to a case where the trust was created by the will of a
testator who lived and died in another State, and whose will was proved and
allowed in such State, and was never proved here, is constitutional.

If the interests of *cestuis que trust* in the trust property are several and not joint, an
assessment to them jointly of the whole amount of the tax to be assessed upon
their respective shares is an " error or irregularity in the assessment," within
the meaning of Pub. Sts. c. 11, § 79.

If the original entry in the tax-book kept by the assessors of a town is of a sum
assessed to *cestuis que trust* jointly upon their shares of the trust property, and
directly underneath there appears an entry of a reassessment, by vote of the
assessors, to the same persons individually, with separate entries of the amount
of property and of the tax to each, the reassessment is plainly shown ; and, no
lists having been carried in to the assessors, a general description of the prop-
erty is sufficient.

Where, after a tax list containing an assessment of a tax to *cestuis que trust* jointly
has been committed to the collector of taxes of a town, the assessors reassess the
tax to such persons severally and make an addition in the tax list showing the
reassessment, no change or addition in the warrant is necessary in order to
authorize the collector to proceed with the collection of the tax.

THREE ACTIONS OF CONTRACT, by the collector of taxes of
the town of Braintree for 1893, to recover the amount of a tax
assessed to the defendants respectively. The cases were tried
together in the Superior Court, without a jury, before *Hammond*,
J., who reported them for the determination of this court, in
substance as follows.

The defendant in the first case is the widow, and the defendants in the other two cases are the sons, of William S. Perry, who, being then an inhabitant of Brunswick in the State of Maine, died on April 8, 1873, leaving a will which was duly admitted to probate in that State. Under the terms of the will, the property upon which the taxes for the collection of which these actions were brought were assessed was given in trust to, and the legal title to it was vested in, William L. Putnam of Portland and Galen C. Moses of Bath, both in the State of Maine. By the terms of the trust, the defendant in the first case was entitled to one third of the net income, and each of the other defendants to one fifth of the remaining two thirds of the net income of the trust property. The defendants moved from Maine to Braintree after the death of the testator, and had lived in Braintree for several years prior to 1893. No return was made by either of the defendants as to their taxable property, and the assessors of taxes of Braintree got their information for making the assessments in question from certified copies of the will, and from the accounts of the trustees filed in Maine. None of the trust property was at any time during 1893 within this Commonwealth. The plaintiff was duly elected and qualified as collector of taxes for 1893. The assessors gave notice to the taxpayers of the town to bring in a list of their taxable property on or before June 10, 1893, but neither of the defendants brought in such a list. Upon the tax-book or valuation-book of the assessors, under the title " Names of persons assessed," appeared the names of the three defendants; under the title " Description of taxable property " appeared the following: "Morts. $87,000, Bonds, &c. $86,000 "; and under the title " Tax " appeared one sum, " $2906.40." Directly underneath appeared the following entries: " Reassessed December 1, 1893, by vote of the board of assessors, to show the amount assessed to each of the above persons "; then followed the name of each defendant, with separate entries of the amount of property and of tax opposite each name. Before the reassessment above stated was made, a tax bill dated August 1, 1893, was sent to the defendants, who failed to pay the same. The tax as originally assessed was committed to the plaintiff for collection. In committing the reassessed tax to the plaintiff for collection no

new warrant was made out, nor was there any change in or addition to the warrant which accompanied the committing of the original assessment to the collector, but the following addition was made to the tax list previously in the hands of the collector, namely, a star in red ink was placed beside the entry in the tax list, and at the bottom of the page was another star in red ink and the words, in the handwriting of the chairman of the board of assessors, "See page 114. Reassessed December, 1893, by vote of board of assessors."

On page 114 the following appeared:

| Names. | Tax on Personal Property. | |
|---|---|---|
| Mrs. Elizabeth F. Perry. | $1614.48 | |
| Curtis A. Perry. | 645.96 | $2,906.40 |
| Robert D. Perry. | 645.96 | |

Separate tax bills were made out after the reassessment and sent to each of the defendants, accompanied by a demand for payment, signed by the plaintiff as collector.

The defendants never paid the reassessed tax, and, three months having elapsed after the demand made upon them, these actions were brought to recover the same.

At the close of the evidence, the defendants requested the judge to rule that, upon the whole evidence, the plaintiff was not entitled to recover; and that Pub. Sts. c. 11, § 20, cl. 5, was unconstitutional. The judge declined so to rule; ruled that the statute was constitutional; and found for the plaintiff in each case for the amount claimed, with interest. If the ruling was wrong, the finding in each case was to be set aside; and a new trial ordered; otherwise, judgment was to be entered on the finding.

*G. R. Swasey & W. H. Brown*, for the defendants.

*E. Avery & A. E. Avery, (G. M. Hobbs with them,)* for the plaintiff.

ALLEN, J. 1. The defendants object that no statute authorizes the taxes which were assessed upon them. By Pub. Sts. c. 11, § 20, cl. 5, it is provided in respect to personal property held in trust by an executor, administrator, or trustee, the income of which is payable to another person, that, " if the executor, administrator, or trustee is not an inhabitant of the Commonwealth, it shall be assessed to the person to whom the income is payable,

in the place where he resides." *  The defendants contend that this provision does not apply to a case where the trust was created by the will of a testator who lived and died in another State, and whose will was proved and allowed in such other State, and was never proved here.  But we can have no doubt that it was the intention of the Legislature to include cases like the present.

It has long been the policy of the Legislature to tax a resident owner in the place where he lives for his personal property, wherever it may be situated, and whether within or without the State.  Rev. Sts. c. 7, § 4.  *Salem Iron Factory* v. *Danvers,* 10 Mass. 514.  *Great Barrington* v. *County Commissioners,* 16 Pick. 572.  In relation to trust funds, it was provided by St. 1828, c. 143, § 2, that "persons entitled to the income of any personal property held by others in trust for them shall be liable to be taxed for the capital or principal sum in the town where such persons reside."  By Rev. Sts. c. 7, § 10, cl. 5, "All personal property held in trust by any executor, administrator, or trustee, the income of which is to be paid to any married woman or other person, shall be assessed to the husband of such married woman, or to such other person, respectively, in the town of which he is an inhabitant; but if such married woman or other person reside out of the State the same shall be assessed to said executor, administrator, or trustee, in the town where he resides."  In the case of *Dorr* v. *Boston,* 6 Gray, 131, which arose under this section in 1856, it was held that an unmarried woman, an inhabitant of this State, was not taxable for shares in corporations held in trust by trustees residing in another State to pay the income to her.  The reason for this decision was that the revising commissioners had submitted to the Legislature a section providing in terms that, if personal property should be held in trust by a person residing without the State, and the person for whose benefit it was held resided within the State, then the person entitled to such benefit should be assessed for the same, in like manner as if the legal title thereof were vested in him.  But these provisions were stricken

---

* The St. 1894, c. 490, which amends Pub. Sts. c. 11, § 20, cl. 5, as follows: " Provided said personal property is not legally taxed to an executor, administrator, or trustee under a testamentary trust in any other State," was passed after the present action was begun.

out by the legislative committee to whom the work of the commissioners was referred, and §§ 4 and 10 were reported as they were enacted by the Legislature. The court held this to be decisive proof that it was the will of the Legislature to reject the provision reported by the commissioners. By Gen. Sts. c. 11, § 12, cl. 5, the provision was adopted, which in substance followed the provision reported by the Commissioners on the Revised Statutes, and which was re-enacted without change in Pub. Sts. c. 11, § 20, cl. 5, as hereinbefore quoted, and it is now the law. Attention was called to this change in the law in *Bemis* v. *Boston*, 14 Allen, 366, where it was held that, if one living here is a partner in a firm carrying on business elsewhere, his interest in the property of the firm is taxable here. See also *Dallinger* v. *Rapallo*, 15 Fed. Rep. 434, *ad finem.*

The statute under consideration rests on the ground that the *cestuis que trust* residing here have a beneficial interest in the trust fund which is valuable, and that they are in effect the equitable owners thereof. An interest of this kind is property, which the Legislature may subject to taxation. *Bates* v. *Boston*, 5 Cush. 93. *Williston Seminary* v. *County Commissioners*, 147 Mass. 427. *Hathaway* v. *Fish*, 13 Allen, 267.

In *Anthony* v. *Caswell*, 15 R. I. 159, cited by the defendants as in point, the statute contained no such provision as that above copied.

2. The defendants contend that the statute, if such is its true construction, is unconstitutional. This argument rests on the ground that the property is situated out of the State; that the beneficial interest of a *cestui que trust* is nowhere else made taxable; and that this statute selects for taxation a kind of interest not otherwise taxable, and so imposes a tax which is disproportionate. This argument, however, is met by the suggestions already made, that the *cestui que trust* is here, and his ownership or title is here, namely, the right to the income of the trust fund. The fact that the corpus of the trust fund is held by trustees who live elsewhere, and who hold under a will proved and allowed elsewhere, does not take away the power of the Legislature to subject the interest of the *cestuis que trust* to taxation here, if they live here. There is no more reason for holding this to be beyond the power of the Legislature than there would be

for holding the taxation of cattle and sheep, of manufactured goods, or of shares in corporations untaxable here because situated out of the State.

3. The defendants further contend that there was no valid reassessment of the taxes upon them.

The first ground relied on is that there can only be a reassessment when the original tax " is invalid by reason of any error or irregularity in the assessment," and that there was no such error or irregularity within the meaning of the statute. Pub. Sts. c. 11, §. 79. But the interests of the *cestuis que trust* were several and not joint, and therefore they must be severally assessed. By the original assessment, the whole sum to be assessed upon the three defendants was put together and assessed to them jointly. This was an error. It is suggested that such assessment might be jointly laid under Pub. Sts. c. 11, § 21, unless a special request for a separation should be made. That section appears to relate rather to cases where the tax is assessed to the guardian, executor, administrator, or trustee. This is shown by the provision that the assessors when requested, and being informed of the names, domicils, and proportionate shares of the *cestuis que trust*, etc., shall make separate assessments. This provision implies that they might not know the names or domicils of the *cestuis que trust*, which is inconsistent with their having assessed a tax directly to them. The statute authorizing a reassessment may be used to cure an error in individual taxes, and reaches every description of error that may arise, either in regard to amount, or estate, or person. *Hubbard* v. *Garfield*, 102 Mass. 72.

The defendants also contend that there was no reassessment in fact. But we think such reassessment is plainly shown. The original entry in the assessors' tax-book was to the three defendants together. On the same book there was an entry of the reassessment by vote of the board of assessors to the defendants individually, with separate entries of the amount of property and of tax to each. The reassessment is to be taken in connection with the original assessment entered immediately above; and so taken, there is no doubt that the same property entered in the original assessment is to be taken as apportioned among the three. No lists having been carried in to the asses-

sors, the general description was sufficient. *Noyes* v. *Hale,* 137 Mass. 266.

4. Finally, the defendants contend that the reassessed taxes were not committed in proper form by the assessors to the collector, and that therefore he cannot maintain his actions. An addition was made in the tax list which had previously been committed to him, showing in detail the taxes reassessed to the several defendants. The tax list therefore contained the original assessment and the reassessment. The warrant remained without change or addition; and it needed none. It already contained the names of the persons to whom the taxes were originally assessed, as required by Pub. Sts. c. 11, § 80. And as there was no change made in these names by the reassessment, but only an apportionment of the tax, originally joint, among the three, and as this appeared on the tax list in the collector's hands there was no need of doing anything more in order to authorize him to proceed with the collection.

*Judgments for the plaintiff on the findings.*