FRANK W. CROCKER & others, trustees, vs. CITY OF MALDEN.

Middlesex.    December 6, 1917. — January 29, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Tax,* On personal property held in trust.    *Trust,* Taxation.    *Words,* "Office furniture."

Where in a return made by trustees to the assessors of a city of the taxable personal property in their hands as such trustees they included an item of "office furniture" in an office used by the trustees, and there was nothing to indicate that the trustees carried on a business therein within the meaning of St. 1909, c. 490, Part I, § 23, cl. 1, it was *held* that the office furniture was subject to taxation with the securities held by the trustees as a part of an indivisible fund.

Where the trustees of a trust created by the will of a resident of this Commonwealth were three in number and only one of them was a resident of the Commonwealth, and the sole beneficiary of the trust was not a resident of the Commonwealth, and where all three of the trustees filed with the assessors of a city in this Commonwealth a joint return of the taxable personal property in their hands as such trustees, it was *held* that such action was within the lawful power of the trustees and that the two non-resident trustees thereupon became subject to assessment in that city jointly with their co-trustee, who was a resident of that city.

In the case in which the point above stated was decided, it was *said* that the court did not intend to decide that the property could not have been assessed lawfully to the resident trustee alone.

PETITION, filed in the Superior Court on November 6, 1916, by the trustees under the will of Edwin C. Swift, late of Beverly, under St. 1909, c. 490, Part I, § 77, appealing from the refusal of the assessors of the city of Malden to abate a tax of $22,183.24 on personal property assessed to the petitioners for the year 1916.

The case was heard by *Chase,* J., without a jury, upon the pleadings and an agreed statement of facts, the essential part of which is stated in the opinion. The judge found for the respondent, and at the request of the parties reported the case for determination by this court. If his finding was wrong as matter of law, judgment was to be entered for the petitioners in such sum as this court might find to be due; otherwise, judgment was to be entered for the respondent on the finding.

*J. F. Sullivan & F. Hutchinson,* for the petitioners.

*H. L. Boutwell,* for the respondent.

PIERCE, J.   This is a petition for the abatement of a tax assessed under St. 1909, c. 490, Part I, § 23, cl. 5.

On April 1, 1916, one of the petitioners was a resident of the respondent city of Malden; the others were non-residents of this Commonwealth.   They had an office in Boston within the Commonwealth, and by virtue of an appointment as trustees under the will of a resident of the Commonwealth, then and there had the possession and legal title to the personal property claimed to be subject to taxation in the city of Malden.   The income arising under the trust is payable to a sole beneficiary, who is not a resident of this Commonwealth.   On May 12, 1916, the trustees filed with the assessors of taxes of the city of Malden a true list of their personal estate as such trustees, not exempt from taxation, in the form and manner prescribed by law.   On the assumption that the whole personal trust estate was subject to taxation in the city of Malden the assessors of that city assessed the whole personal estate to the petitioners, at a value which is conceded to be the fair and correct value of that estate.

The trust fund consisted of bonds, stock in foreign corporations, deposits in trust companies and banks located in Boston, and there was also furniture in the office of the trustees in Boston of the value of $100.   All these securities were physically within the Commonwealth and were subject to taxation in the town or city where the testator resided in his lifetime; and after his death and the establishment of the trust, at the residence of the beneficiary if within the Commonwealth, and if not, at the residence or residences of the trustee or trustees within the Commonwealth. *Callahan* v. *Woodbridge*, 171 Mass. 595.   *Frothingham* v. *Shaw*, 175 Mass. 59.  *Welch* v. *Boston*, 221 Mass. 155, 158.   *Bellows Falls Power Co.* v. *Commonwealth*, 222 Mass. 51.   St. 1909, c. 490, Part I, § 23.

The agreed facts contain no statement regarding the use of the office in Boston by the trustees, and no inference that the trustees carried on a business therein, within the meaning of St. 1909, c. 490, Part I, § 23, cl. 1, can be drawn from the presence in the office of undescribed "office furniture."   It follows that the "office furniture" was subject to taxation with the securities as a part of an indivisible fund.

On September 28, 1916, the plaintiffs duly filed with the as-

·sessors of the city of Malden an application for an abatement of two thirds of the tax, and gave as reasons "(1) All of the beneficiaries of the trust under the will of Edwin C. Swift resided out of the Commonwealth of Massachusetts on April 1st, 1916," and "(2) There are three trustees of said trust, only one of whom resided in the city of Malden on April 1st, 1916." The assessors refused to allow an abatement and the plaintiffs duly and seasonably appealed to the Superior Court.

The remaining, and more important question, is, was the assessment illegal and void because assessed to all the trustees jointly.

The provision of St. 1909, c. 490, § 23, cl. 5, which reads " . . . if he [the beneficiary] resides out of the Commonwealth it shall be assessed in the place where the . . . trustee resides; and if there are two or more . . . trustees residing in different places, the property shall be assessed to them in equal portions in such places, . . . " first appeared in Gen. Sts. c. 11, § 12, cl. 5, and was adopted upon the recommendation of the Commissioners on the Revision of the General Statutes. The part thereof which provides that the personal estate shall be assessed "in equal portions" where the trustees reside in different places (within the Commonwealth), is a recognition of a rule existing before the statute and of the general principle, which underlies our system of taxation, that all personal property shall be assessed to the owner in the city or town in which he is an inhabitant. *Hardy* v. *Yarmouth*, 6 Allen, 277. The statute did not abolish joint tenancy in trust funds or make them assessable to the owners severally, where the trustees were inhabitants of the same city or town. Before the statute and since, inhabitants of the same city or town, joint owners in trust of personal property, were and are assessable jointly for taxes upon trust property subject to taxation.

In the case at bar the trustees were appointed by the Probate Court. of Essex County, and they accepted the trust. They became bound to the performance of their duties as trustees and for the proper distribution of the trust fund held by them. In the performance of that duty they elected to act with their co-trustee, an inhabitant of Malden, in filing a list of the trust property subject to taxation with the assessors of the city of Malden. Without intimating whether they would be liable upon other grounds, we are of opinion that such action was within their

lawful power and that they thereupon became subject in the city of Malden to assessment jointly with their co-trustee, an inhabitant of Malden, we do not intend to decide by anything in this opinion that the property could not have been assessed lawfully to the resident trustee.

It follows that, by the terms of the report, judgment shall be entered for the defendant.

*So ordered.*