## Richmond.

SELDEN, TRUSTEE, v. BROOKE, COLLECTOR.

January 25, 1906.

1. TAXATION—*Choses in Action—Non-Resident Trustee—Resident Beneficiary.*—Intangible personal property in the hands of a non-resident trustee, in the income from which a person over the age of 21 years residing in this State has a life estate, is, by virtue of the statute in such case made and provided (Acts, 1897-8, p. 519, amending Code, section 492), taxable in this State in the county or corporation in which the beneficiary resides. The tax, though assessed in the name of the trustee, is not against him, but the beneficiary. He is the mere conduit through the medium of which the tax upon the property of a citizen passes into the treasury.

Appeal from a decree in chancery of the Law and Chancery Court of the city of Norfolk. The collector of delinquent personal property taxes filed his petition in the chancery suit of *Selden v. Selden et als.,* pending in said court, in which the trustee holding the funds sought to be taxed was appointed, praying to be admitted a party, and that certain taxes be decreed and paid over to him. From a decree in favor of the collector, the trustee holding the fund appeals.

*Affirmed.*

The opinion states the principal facts of the case. It was agreed by counsel that the beneficiary for life of the trust fund resided in Norfolk, Va., during the years for which the taxes were assessed, but that some of the parties entitled in remainder after the death of the life tenant did not reside in Norfolk, and that

the choses in action had, at all times, been kept by the trustee in his personal possession outside the State. The decree directed the taxes to be paid by the trustee out of any *income* in hand or to be received from the trust fund.

*Hughes & Little,* for the appellant.

*Tazewell Taylor,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

This case involves the validity of certain taxes assessed by the city of Norfolk for the years 1898, 1899 and 1900, upon a trust fund consisting of intangible personal property in the hands of a non-resident trustee, in the income of which the *cestui que trust,* Elizabeth T. Selden, a citizen of the State domiciled in that city, has a life estate.

The trustee was appointed and bonded by a decree of the Corporation Court of the city of Norfolk, which had jurisdiction of the fund, and which directed the trustee to pay the income and revenue accruing therefrom to the *cestui que trust* "during her entire life." The cause was subsequently transferred, by force of the statute in such case made and provided, to the Court of Law and Chancery of the city of Norfolk, where it is now pending; and this appeal is from a decree of that court, which confirmed the report of a commissioner sustaining the validity of the assessment, and ordered the trustee to pay the taxes out of the income.

It is the policy of this Commonwealth to impose taxes upon all intangible property of its citizens in the county or corporation of their residence, without regard to the situs of the physical symbols by which such property is evidenced. *Commonwealth* v. *Williams,* 102 Va. 778, 47 S. E. 867. But the specific enactment by authority of which these assessments were made is as follows: "If the property is the separate property *of a per-*

*son over twenty-one years of age,* or a married woman, it shall be listed and taxed to the trustee, if any they have, and if they have no trustee it shall be listed by and taxed to themselves; in either case it shall be listed and taxed in the county or corporation where *they* reside. . . . . If the property is held for the benefit of another, it shall be listed by and taxed to the trustee in the county of his residence (except as hereinbefore provided)." Acts, 1897-98, p. 519, amending section 492 of the Code of 1887.

While the statute may be unskilfully drawn, we are of opinion that by fair construction the case in judgment is obviously within its provisions. The income from the trust fund, upon which the tax is imposed, constitutes, in a certain sense, the separate property of Elizabeth T. Selden, a person over twenty-one years of age, who has a trustee, and resides in the city of Norfolk. The language, "If the property is held in trust for the benefit of another, it shall be listed by and taxed to the trustee in the county of his residence (except as hereinbefore provided)," is controlled by the antecedent provision, that whether the person whose property is amenable to tax has or has not a trustee, the property shall, "in either case be listed and taxed in the county or corporation where they reside." Though the tax is assessed in the name of the trustee, the burden is, in reality, imposed upon the beneficial owner, a resident of the Commonwealth, who enjoys the protection of its laws along with other citizens, and ought, in fairness, to contribute her due proportion of revenue for the support of the government.

The term *"separate estate,"* in the connection in which it occurs, imports separate ownership by the persons designated, in contradistinction to an equitable separate estate, or the legal separate estate of a married woman, under our statute. 2 Bouv. L. Dict. (Rawles Rev.) 981:

If the construction contended for on behalf of the appellant, that the domicile of a non-resident trustee fixes the *situs* of intangible personal property for purposes of taxation, were to

Opinion.

prevail, it would afford ready means of escape from taxation and divert from the treasury of the State a very large amount of revenue to which, in our judgment, it is justly entitled. The contention that the construction indicated would render the statute unconstitutional, proceeds upon the hypothesis that the tax is against the non-resident trustee, whereas he is personally unaffected by the imposition, and is but the conduit through the medium of which the tax upon the property of a citizen passes into the State treasury. *Hunt* v. *Perry* (Mass.), 43 N. E. 103; *Lewis* v. *County of Chester*, 60 Pa. St. 325.

It was suggested that there are other statutes which authorize the assessment of the tax, but the view already taken disposes of the question and renders further consideration of the case unnecessary.

The decree is plainly right and is affirmed.

*Affirmed.*