## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### BROOKLYN TRUST COMPANY AND OTHERS V. BOOKER, COMMISSIONER.

#### March 28, 1918.

1. TAXATION—*Trusts and Trustees—Choses in Action—Non-Resident Trustee.*—Where a citizen of this State, residing in the State, has a life estate in choses in action held in trust for him by a non-resident trustee, the State can levy a tax on such fund, although such choses are not, and never have been, within the State, and the trustee is and always has been a non-resident of the State.

Error to a judgment of the Circuit Court of Elizabeth City county, on a motion to correct an erroneous assessment of taxes. Judgment for the Commonwealth. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Jones & Woodward,* for the plaintiff in error.

*Attorney-General J. D. Hank, Jr., O. L. Shewmake, J. Vaughan Gary* and *E. E. Montague,* for the defendant in error.

BURKS, J., delivered the opinion of the court.

The record in this case presents two questions for our consideration.

1. Where a citizen of this State, residing in the State, has a life estate in choses in action held in trust for him by a non-resident trustee, can this State levy a tax on such

fund, when such choses are not now, and never have been, within this State, and the trustee is and always has been a non-resident of this State?

This question is answered in the affirmative by *Wise, Trustee,* v. *Commonwealth,* 122 Va. 693, this day decided, where the reasons therefor are given.

2. Was the life tenant of the fund in controversy a citizen of this State at the time the assessment was made?

It could serve no useful purpose to set out the evidence on this subject in full, as similar facts could hardly arise in another case. It must suffice to say that we have given the evidence a most careful and painstaking examination, and it leaves no doubt upon our minds that the residence of such beneficiary was, at the time of such assessment, and has been ever since, in the State of New York, and not in the State of Virginia.

What constitutes residence, within the meaning of the tax laws of this State, has been so exhaustively considered in the recent case of *Cooper* v. *Commonwealth,* 121 Va. 338, 93 S. E. 680, that we deem it unnecessary to say more on that subject.

The judgment of the Circuit Court of Elizabeth City county must be reversed.

*Reversed.*