## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### WISE AND OTHERS V. COMMONWEALTH.

March 28, 1918.

1. ESTATES—*Estate for Life—Gift of Income—Taxation.*—A gift for life of the whole income from a fund is a gift of a life estate in the fund itself, and, for the purpose of taxation, it seems immaterial whether there is or is not interposed a· trustee to collect and pay over such income.

2. TAXATION—*Trusts and Trustees—Life Estates.*—Intangible personal property in the hands of a non-resident trustee, in the income from which a person over the age of twenty-one years residing in this State has a life estate, is, by virtue of the statute in such case made and provided (Acts 1897-8, page 519, amending Code, section 492), taxable in this State in the county or corporation in which the beneficiary resides. The tax, though assessed in the .name of the trustee, is not against him, but the beneficiary. He is the mere conduit through the medium of which the tax upon the property of a citizen passes into the treasury. And it is immaterial whether the trustee received his appointment from a court of this State, or his appointment is the voluntary act of the parties in or out of the State.

3. TAXATION—*Situs of Property—Policy of the Commonwealth.*— It is the policy of this Commonwealth to impose taxes on all intangible property of its citizens in the county or corporation of their residence, without regard to the situs of the physical symbol by which such property is evidenced.

4. TAXATION—*Error in Assessment—Correction by Court.*—In the case at bar objection was made to the fact that the assessment was made by the commissioner of the revenue upon information derived from the examiner of records, instead of by making inquiry of the taxpayer. If any error was made in this respect to the prejudice of the plaintiff in error, he had ample opportunity to have it corrected by the circuit court, which had power to examine into the matter and to do all that the commissioner of the revenue had power, or was required, to do in the premises under the tax laws of this State.

5. APPEAL AND ERROR—*Former Adjudication or Res Adjudicata.*—
   Plaintiffs' bill of exception stated that after the introduction
   of certain evidence, the plaintiff moved to be exonerated from
   the payment of the taxes in question on the ground that the
   court had already passed upon the question at issue in a con-
   troversy about the taxes of a previous year and had ascer-
   tained and determined that the trust funds upon which the
   taxes were levied "were not subject to taxation in Virginia
   and that the question then presented was *res judicata,* but the
   court overruled the motion and refused the relief sought."

   *Held:* That the record did not sustain the contention, that the
   liability of the trust fund for the taxes of the previous year
   was passed upon directly or indirectly in the former proceed-
   ings, and therefore no question of *res judicata* could arise in
   the present proceedings.

Error to a judgment of the Circuit Court of the city of
Williamsburg and county of James City, on a motion to
correct an erroneous assessment. Judgment for the Com-
monwealth. Plaintiffs assign error.

*Affirmed.*

The opinion states the case.

*Henley, Hall & Hall,* for the plaintiffs in error.

*Attorney-General J. D. Hank, Jr., Assistant Attorney-
General O. L. Shewmake* and *Frank Armistead,* for the
defendant in error.

BURKS, J., delivered the opinion of the court.

Two motions to correct erroneous assessments of taxes
on intangible personal property were made in the Circuit
Court of the city of Williamsburg and county of James City,
one by Henry A. Wise, trustee, and the other by James A.
Ballentine, trustee. The trust funds sought to be taxed
were held under identical trusts, and by consent of parties
the two cases were heard together. The circuit court de-
nied the applications and dismissed the motions, and to the
judgments of dismissal these writs of error were awarded.

The facts as stated in the petition for the writs of error are as follows:

"Henry A. Wise is now, and was at the time of the assessment, as well as at the time the trusts were created, a resident of the State of New York, while James A. Ballentine is now, and was at the time of the assessment, as well as at the time the trust was created, a resident of the State of California.

"Prior to 1906 real estate situate in the county of James City, Virginia, had been held by E. C. Booth, trustee, under the will of Edwin G. Booth, deceased, for the use and benefit of Clara H. Booth, wife of E. G. Booth, and their children. In 1906 the real estate in James City county was sold in a suit brought for that purpose, and all the parties were before the court. The purchase money was brought into court and under decree entered on January 28, 1907, E. G. Booth, trustee, was ordered to pay the purchase money derived from said real estate to Clara H. Booth (his wife), Lucy Booth Cummings, Frances Booth Ballentine, Henrietta Booth Wise, Edwin G. Booth, John Thomson Booth, Clara Thomson Booth, and William Harris Booth, his children, share and share alike, and to take their receipts therefor. The money was distributed as directed by said decree, and a report made to that effect by E. G. Booth, trustee, and by a subsequent decree the trustee was discharged and the suit dismissed.

"These funds were turned over to Henry A. Wise, who was then living in New York, as attorney for the parties, most of whom were then living in New York, $9,110.00 of this amount was turned over to James A. Ballentine, which amount went to create the trust dated March 19, 1907. The rest of the funds aggregating $25,539.00 went to create the trusts dated April 10, 1908, April 20, 1907, and April 25, 1908.

"The provisions of the various trusts are substantially the same, and broadly stated provide that the funds shall remain in the possession and under the control of the said trustees for each of the other parties, for investment and reinvestment during the life of Clara H. Booth, and at her death, and only in that event, the trust shall cease and determine, and the estate of the said Clara H. Booth, and the other parties who contributed to said fund shall each be entitled to a distributive share in said funds in proportion to their several contributions thereto. * * *

"It is further provided that the trustee shall, after deducting his expenses, pay to Clara H. Booth the interest from investments made by him, and that the amounts so paid shall be the sole and separate property of said Clara H. Booth.

"It is further provided that the trustee shall render to each of the parties to said agreement annually a full and accurate account and report of the investment made by him."

The statute under which the assessments were made in this case is section 492 of the Code, which, so far as need be quoted, is as follows:

"If the property is the separate property of a person over twenty-one years of age, or a married woman, it shall be listed and taxed to the trustee, if any they have, and if they have no trustee it shall be listed by and taxed to themselves; in either case it shall be listed and taxed in the county or corporation where they reside. * * * If the property is held for the benefit of another, it shall be listed by and taxed to the trustee in the county of his residence (except as hereinbefore provided)."

This statute was construed in *Selden* v. *Brooke,* 104 Va. 832, 52 S. E. 632. In that case the facts were that there was a trust fund under the control of the Corporation Court of the city of Norfolk, in which Elizabeth T. Selden

had an estate for her life. For that fund the Corporation Court of the city of Norfolk appointed a trustee, and directed him to pay the income and revenue accruing therefrom to Elizabeth T. Selden, the *cestui que trust,* during her natural life. The life tenant resided in the city of Norfolk, but some of the remaindermen and the trustee were non-residents, and the choses in action in which the trust fund was invested were at all times during the years for which the taxes were assessed kept by the trustee in his personal possession outside of the State. The decision of this court, as appears from the syllabus, was that, "Intangible personal property in the hands of a non-resident trustee, in the income from which a person over the age of twenty-one years residing in this State has a life estate, is, by virtue of the statute in such case made and provided (Acts 1897-8, p. 519, amending Code, section 492), taxable in this State in the county or corporation in which the beneficiary resides. The tax, though assessed in the name of the trustee, is not against him, but the beneficiary. He is the mere conduit through the medium of which the tax upon the property of a citizen passes into the treasury." The decision is rested upon the ground that it is the policy of this Commonwealth to impose taxes on all intangible property of its citizens in the county or corporation of their residence, without regard to the situs of the physical symbol by which such property is evidenced. Furthermore, it is said: "Though the tax is assessed in the name of the trustee, the burden is in reality imposed upon the beneficial owner, a resident of the Commonwealth, who enjoys the protection of its laws along with other citizens, and ought, in fairness, to contribute her due proportion of revenue for the support of the government. * * *

"If the construction contended for on behalf of the appellant, that the domicile of a non-resident trustee fixes the *situs* of intangible personal property for purposes of

88

taxation, were to prevail, it would afford ready means of escape from taxation and divert from the treasury of the State a very large amount of revenue to which, in our judgment, it is justly entitled. The contention that the construction indicated would render the statute unconstitutional, proceeds upon the hypothesis that the tax is against the non-resident trustee, whereas he is personally unaffected by the imposition, and is but the conduit through the medium of which the tax upon the property of a citizen passes into the State treasury. *Hunt* v. *Perry*, 165 Mass. 287, 43 N. E. 103; *Lewis* v. *County of Chester*, 60 Pa. 325."

Not a word is said about the trustee being an appointee of a court of this State or his accountability to such court, nor is there an intimation that the result would have been different if the appointment had been by the voluntary act of the parties in or out of the State. Indeed, the last paragraph quoted above would seem to indicate that the result would have been the same if the appointment had been by such voluntary act of the parties.

In the instant case no express life estate is given in the corpus of the fund from which the interest or income is to be derived, but it is stipulated that "said trustee shall, after deducting his expenses, remit to the said Clara H. Booth all sums received by him as interest from investments and deposits as received" during her natural life, "and that such remittance shall be the sole and separate property of the said Clara H. Booth." It is a conceded fact that Mrs. Booth was to receive the entire income from the trust subject during her natural life, subject to no deduction except the expenses of the trustee in handling the fund, or, in other words, the entire net income. What other or different interest would she have had, what more could she have gotten from it, if the corpus had been conveyed to the trustee in trust for the life of Clara H. Booth, with remainder to the founders of the trust? A gift to another for his

life of the entire income and interest to be derived from a trust fund is a gift of a life estate in the fund. The quantity of the estate is the same, no matter by what name it is called, and it is this quantity of estate to which the tax laws apply.

In *Walker* v. *Hill,* 73 N. H. 254, 60 Atl. 1017, a devise to a wife of "the income of the remainder of my estate during her natural life" was held to give to the wife a life estate in the property. In *Little* v. *Coleman,* 74 N. H. 215, 66 Atl. 483, there was devised to one daughter "the use of my farm Vassalborough" during the term of her natural life, and to other daughters "the income from all the rest and residue of my real estate and personal property" during the term of their natural lives, and in each case it was held that the devises constituted life estates in the property. The question seems to have been passed upon quite often in Tennessee, though it was not always necessary to the decision of the case. We quote from one of the late cases. In *Johnson* v. *Johnson,* 92 Tenn. 559, 23 S. W. 114, 22 L. R. A. 179, 36 Am. St. Rep. 104, it is said: "We are of opinion that if the devise is valid, then the item passes the fee in the property for the purposes indicated, the net income from which is to be expended and appropriated by the trustees. While there is no specific devise of the property, yet a devise of the rents and profits and income is, in effect, a devise of the property itself. *Polk* v. *Faris,* 9 Yerg. (Tenn.) 241, [30 Am. Dec. 400]; *Morgan* v. *Pope,* 7 Cold. (Tenn.) 547; *Davis* v. *Williams,* 85 Tenn. 648, 4 S. W. 8; *Pilcher* v. *McHenry,* 14 Lea (Tenn.) 88; 1 Jarm. Wills, 152, note; 3 Washb. Real Prop. 529, 530; *Spofford* v. *College,* (Jan. 1889). In the case last mentioned, Thomas Martin, of Giles county, had set apart $30,000 in bonds of the State of Tennessee, the interest to be applied to the founding and operating of a female school at Pulaski, Tenn. After the school had been founded, and successfully operated for a

number of years, Mrs. O. M. Spofford, his only daughter and residuary legatee, filed a bill claiming that only the interest upon the bonds was devoted by the will of her father to the school, and that when the bonds matured, and the interest coupons had all been clipped and exhausted, then the bonds or corpus of the fund would revert to her, as residuary legatee under the will. The court below, as well as this court, held that the gift of the interest of the bonds carried the bonds themselves, and the fund could not be diverted from the charity."

In 17 Ruling Case Law, 620, (citing cases from Iowa, Connecticut, Pennsylvania and other States) the law is stated thus: "A devise or bequest of the 'use and improvement' of property during the life of the devisee, or of the rents, profits and income of the property for life, is in effect a devise of the property itself for life."

Independent of precedent, it seems clear that a gift for life of the whole income from a fund is a gift of a life estate in the fund itself, and, for the purpose of taxation, it seems immaterial whether there is or is not interposed a trustee to collect and pay over such income.

In the instant case, Mrs. Booth has an estate for her life in the trust fund in controversy, and as she resides in this State her trustee is properly chargeable here with the taxes from which he seeks relief. It is the duty of the life tenant who receives the entire income to pay the taxes on the corpus.

This is no hardship on the life tenant. She occupies the same position as any other life tenant in this State of intangible personal property. The property in which she has a life estate is taxable at the place of her residence, without regard to the situs of the physical symbols by which such property is evidenced. *Commonwealth* v. *Williams,* 102 Va. 778, 47 S. E. 867. If it were otheriwse, citizens of this State could, by creating foreign trusts, deprive the State of a very large part of its revenue.

Objection is made to the fact that the assessment was made by the commissioner of the revenue upon information derived from the examiner of records, instead of by making inquiry of the taxpayer. If any error was made in this respect to the prejudice of the plaintiff in error, he had ample opportunity to have it corrected by the circuit court, which had power to examine into the matter and to do all that the commissioner of the revenue had power, or was required, to do in the premises under the tax laws of this State. *Commonwealth* v. *Schmelz*, 114 Va. 364, 76 S. E. 905; *Commonwealth* v. *United Cig. M. Co.*, 119 Va. 447, 89 S. E. 935.

The language of Harrison, J., in *Bridgewater Man. Co.* v. *Funkhouser*, 115 Va. 476, 79 S. E. 1074, is peculiarly applicable to this assignment of error. He says: "The complainants make several technical objections to the time and method of this assessment, insisting that it was not made according to law. These objections are without merit. The underlying principle in such cases is that a person whose property is liable to assessment for taxes shall not be permitted to evade payment of his just proportion of the public burden by any errors, omissions or irregularities that do not prejudice his rights. *Stevenson* v. *Henkle*, 100 Va. 591, 595, 42 S. E. 672; *Yellow Poplar Co.* v. *Thompson*, 108 Va. 612, 62 S. E. 358; *Coles* v. *Jamerson*, 112 Va. 311, 71 S. E. 618, 50 L. R. A. (N. S.) 407.

"It is clear from the record that the objections are not well taken and that the complainant suffered no prejudice from the method of assessing the taxes it now seeks to avoid."

It is also assigned as error that the trial court erred in not holding that the question at issue in this cause is *res judicata.* This assignment of error is set forth in the petition for this writ of error as follows:

"It will be observed that for the year 1915 the identical

funds were assessed with State and city taxes in the name of E. G. Booth, trustee, evidently under the theory that the proceeds derived from the sale of the land sold in James City county were still under the control of E. G. Booth, notwithstanding the final decree hereinbefore referred to, which had discharged him as trustee, and dismissed the suit. Upon the motion of E. G. Booth to be exonerated and relieved from the payment of such taxes, and upon its being brought to the attention of the court that there were no funds in his hands, at the instance of the attorney for the Commonwealth and for the city of Williamsburg, Clara H. Booth and Clara Thomson Booth were made parties to said proceedings, and upon similar facts to those set out in the record in those proceedings, the court by its order ascertained and determined that the said funds were not subject to taxation in Virginia.

"It is true that Henry A. Wise, trustee, and James A. Ballentine, trustee, were not before the court at that time, but it is admittedly true that they are both non-residents of the State of Virginia, and that if the funds are taxable in Virginia at all, it is due to the residence of Clara H. Booth, and that while the assessment is made in the name of the trustees, it is in effect against Clara H. Booth. This being true a court of competent jurisdiction has passed upon similar facts as those now presented, when the same parties in interest were before the court. We therefore respectfully submit that the question presented is *res judicata,* and that the defendants are estopped from denying the correctness of the ruling of the court, or of the validity of its judgment."

The record does not sustain the contention. The record of the proceedings to correct the assessment for 1915 was not put in evidence in this cause, nor was any other evidence offered on the subject except the stipulation of counsel used in lieu of evidence. The only part of that stipula-

tion which relates to this subject was paragraph 4 which is in the following words and figures:

"(4). It is further stipulated and agreed that upon the motions to be relieved from the assessment of the aforesaid State and city taxes, Sydney Smith, the examiner of records who made said assessment was examined as a witness, and testified that he got his information upon which to base said assessment from copies of trust agreements which had been filed as a part of the evidence in a motion made by E. G. Booth, trustee, to be relieved from the payment of State and city taxes on the aggregate sum of $30,000.00 for the year 1915, in which motion relief was granted the said E. G. Booth, trustee; that in said last mentioned proceeding, Clara H. Booth and Clara Thompson Booth were made parties and were before the court."

This paragraph showed that E. G. Booth, trustee, was relieved, and it is manifest that he should have been. It also shows that Clara H. Booth and Clara Thompson Booth "were made parties and were before the court," but at whose instance or for what purpose they were made parties, or what judgment as to them was entered, is not made to appear. There is no evidence that the question of the liability of this trust fund for the taxes of 1915 was passed upon directly or indirectly. For aught that appears in this record, that proceeding may be still pending in the trial court, or there may have been a judgment against Clara H. Booth for the amount of the tax, or the proceeding against her may have been dismissed. On all these questions the record is simply silent. It is true that plaintiffs' bill of exception No. 1 states that after the evidence hereinbefore referred to had been introduced, the plaintiff moved to be exonerated from the payment of the taxes *on the ground* that the court had already passed upon the question here at issue in the controversy about the taxes of 1916 and had ascertained and determined that the trust funds herein-

before referred to "were not subject to taxation in Virginia and that the question then presented was *res judicata,* but the court overruled the motion and refused the relief sought." This is far from showing that there was any evidence in the record to support the *ground* alleged. The absence of such evidence may have been the. very reason for refusing the motion. No question of *res judicata,* therefore, can arise. The judgment of the circuit court must, therefore, be affirmed.

*Affirmed.*