## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## TAYLOR V. COMMONWEALTH.

### January 16, 1919.

1. TAXATION—*Guardian and Ward—Intangible Personal Property of Ward.*—Intangible personal property, owned by minors who are domiciled in Virginia, is subject to taxation therein under section 168 of the Constitution of 1902 and the statutes contained in section 491 of the Code of 1904, as amended (4 Pollard's Code, 1916, section 491), and Acts 1897-8, p. 756, as amended by Acts 1916, p. 828, enacted in pursuance of the Constitution; just as such property of other persons domiciled in the State is subject to taxation, unless it be true that the statute law of the State is such that *no situs* therein is fixed by law for the taxation of such property of a minor in a case where the minor has a guardian who is a non-resident of the State.

2. TAXATION—*Guardian and Ward—Intangible Personal Property of Ward.*—The intangible personal estate of a ward residing in a city in Virginia in the hands or control of his guardian, residing outside of the city, is taxable in the city.

3. TAXATION—*Guardian and Ward—Intangible Personal Property of Ward.*—Section 492, Code of 1904, does not make the domicile of the guardian the *situs* for taxation of the intangible personal property of the ward, which is in the possession or under the control of the guardian. The provisions of the statute, both in the caption and body of it, concern merely by whom the property is to be listed and to whom taxed. That this statute does not fix the domicile of the person by whom it requires property to be listed, and to whom it requires it to be taxed, as the *situs* of such property for taxation, is apparent.

4. TAXATION—*Situs of Intangible Personal Property—Minors.*—The general rule of law is well settled that, in the absence of some statute fixing a different rule, the *situs* for taxation of intangible personal property of one domiciled in this State is at the residence of the owner of it. On principle, this rule applies to such property owned by minors no less than to that owned by persons *sui juris.*

5. TAXATION—*Guardian and Ward—Non-Resident Guardian.*—The

statute law of Virginia has not changed the general rule of law by making the domicile of the guardian the *situs* for taxation of the intangible personal property of his ward, when the ward is domiciled in this State. Nor does the statute divest the ward of his beneficial ownership of such property. Where a ward is domiciled in this State, therefore, his domicile fixes the *situs* of his intangible personal property for taxation therein, although his guardian is a non-resident.

6. TAXATION—*Guardian and Ward—Non-Resident Guardian.*—In such case, no statutory designation of the *situs* for taxation of such property is needed, unless it be the purpose of the legislature to alter the settled policy of the State aforesaid. Such a purpose will not be assumed, but must be made to plainly appear by the language of the statute. In the absence of such a statute, the maxim *mobilia sequunter personam* is operative and fixes such *situs.*

Error to a judgment of the Corporation Court of city of Norfolk, in an application for relief from an erroneous assessment. Judgment for Commonwealth. Plaintiff assigns error.

*Affirmed.*

This is an application by the plaintiff in error for relief from an alleged erroneous assessment made by a commissioner of revenue of the city of Norfolk in October, 1916, per a report to him of the examiner of records of that city, of certain promissory notes owned by a minor, the ward of the plaintiff in error, for taxation for the year 1914, as omitted property for the latter year, which notes were on February 1, 1914, under the control of said guardian, being in the hands of his attorney in the said city, but were not listed for taxation nor taxed for the year 1914.

As of February 1, 1914, the said guardian was a non-resident of Virginia, but the said ward was then a resident of and domiciled in the said city.

The court below declined to grant the relief sought, dismissed the application, and the guardian brings error.

*Loyall, Taylor & White,* for plaintiff in error.

*John R. Saunders, Attorney General, J. D. Hank, Jr., Assistant Attorney General* and *F. B. Richardson,* for the Commonwealth.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

[1]   It is undisputed that intangible personal property, owned by minors who are domiciled in Virginia, is subject to taxation therein under section 168 of the State Constitution and the statutes contained in section 491 of the Code, as amended (4 Pollard's Code, 1916, sec. 491), and Acts 1897-8, p. 756, as amended by Acts 1916, p. 828, enacted in pursuance of the Constitution; just as such property of other persons domiciled in the State is subject to taxation, unless it be true that the statute law of the State is such that *no situs* therein is fixed by law for the taxation of such property of a minor in a case where the minor has a guardian who is a non-resident of the State.

[2, 3]   As stated in the petition—

"The sole question presented for decision is whether intangible personal estate of a ward residing in Norfolk in the hands or control of his guardian, residing outside of Norfolk, is taxable in Norfolk under the provisions of the statute."

The positions of the appellant are as follows:

(a) That the effect of section 492 of the Code, when correctly construed, is to make the domicile of the guardian the *situs* for taxation of the intangible personal property of the ward which is in the possession or under the control of the guardian.   But if this be not so—

(b)   That there is no statute in Virginia which fixes a *situs* for taxation of such property where the guardian is a

non-resident of the State—that this is a *casus omissus* of
the statute which is fatal to the taxing power of the State
in the instant case.

We will consider these positions in their order as stated.

1.    Section 492 of the Code, so far as material, contains
the following provisions:

"Sec. 492. *By whom property is to be listed; to whom
taxed.* If the property be owned by a person *sui juris,*
it shall be listed by and taxed to him.   If property be owned
by a minor, it shall be listed by and taxed to his guardian
or trustee, if any he has; if he has no guardian or trustee,
it shall be listed by and taxed to his father, if any he has;
if he has no father, then it shall be listed by and taxed to
his mother, if any he has; and if he has neither guardian, or
trustee, father nor mother, it shall be listed by and taxed
to the person in possession *   *   *   If the property be
owned by an idiot or lunatic, it shall be listed by and taxed
to his committee, if any; if none has been appointed, then
such property shall be listed by and taxed to the person
in possession.   *   *"

It is obvious from the reading of the statute that it is
silent on the subject of the *situs* of property of minors,
idiots or lunatics for the purpose of taxation.   Whatever
effect, on that subject, is to be given to the statute must
arise from deductive reasoning.   And such reasoning must
be based upon the effect given to domicile by the rule
which is embodied in the maxim, *mobilia sequunter per-
sonam.*   Accordingly, the contention of the appellant is that
this statute makes the domicile of the guardian the *situs*
of the intagible personal property of the ward for taxation,
in that it requires property to be listed by and taxed to
the guardian instead of the ward.

The provisions of the statute above quoted, both in the
caption and body of it, concern merely by whom the prop-
erty is to be listed and to whom taxed.   That this statute

does not fix the domicile of the person by whom it requires property to be listed, and to whom it requires it to be taxed, as the *situs* of such property for taxation, is apparent, we think, from a reading of it, in the light of the following considerations. The statute embraces both tangible and intangible personal property. The *situs* of tangible personal property for taxation is the *locus* of the property itself, and not the domicile of the person by whom the statute aforesaid requires it to be listed and to whom it requires the property to be taxed. This single consideration refutes the reasoning on which the position of appellant under consideration is based. Further: Where the owner is a minor, idiot or lunatic, he is, of course, incompetent to list for taxation property owned by him, and alike incompetent to act as a payer of taxes. Hence, the statute in all such cases provides for some one else than the owner of the property to list it for taxation and to whom it shall be taxed. To provide a competent person to list the property for taxation and also to act as payer of the taxes thereon, who will be likewise a person competent to give a correct list and one who, if not the owner, will be charged with a responsibility to the property owner in the premises, were, we think, the objects and purposes of the statute in designating by whom property of such persons is to be listed and to whom taxed, and not the making of the domicile of the former person the *situs* of the property for taxation. What taxing jurisdiction should be such *situs* is wholly apart from such objects and purposes.

Further: As is stated in the opinion of this court delivered by Judge Burks in the case of *Wise* v. *Commonwealth,* 122 Va. 693, 95 S. E. 632, "* * it is the policy of this Commonwealth to impose taxes on all intangible property of its citizens in the county or corporation of their residence, * *" The construction which appellant seeks to have placed upon the statute under consideration would

57

make it change such settled policy of the State in such cases as that under consideration. Such a purpose would need to be plainly apparent from the language of the statute before such a construction could be given to it. There being an entire lack of such a purpose apparent from the provisions of the statute, as we construe them as aforesaid, we cannot give it the construction sought by appellant.

There are provisions of the statute under consideration which are not quoted above, which concern property, namely, certain separate property, property held in trust and other property in certain cases therein mentioned, for taxation, of which such statute does plainly fix the *situs;* but these provisions do not concern such property as is involved in the case before us.

We conclude, therefore, that the statute relied on does not have the effect contended for by appellant, in 'his position (a) above noted.

[4] We come now to consider the alternate position of appellant (b) noted above.

In the outset of this consideration it should be stated that if there were no *situs* fixed by law for the taxation in this State of the property in question, it is well established that it could not be assessed for taxation or taxed in this State. But from this the conclusion does not follow that the statute law of the State can be alone looked to upon the inquiry whether such *situs* is fixed by law.

The general rule of law is well settled that, in the absense of some statute fixing a different rule, the *situs* for taxation of intangible personal property of one domiciled in this State is at the residence of the owner of it. *State Bank of Virginia* v. *City of Richmond,* 79 Va. 115; Cooley on Taxation, 63. On principle, this rule applies to such property owned by minors no less than to that owned by persons *sui juris;* and no authority to the contrary has been cited or called to our attention.

[5, 6]   As we have seen above, the statute law of Virginia, relied on by appellant to have that effect, has not changed the general rule of law aforesaid by making the domicile of the guardian the *situs* for taxation of the intangible personal property of his ward, when the ward is domiciled in this State.   Nor does the statute divest the ward of his beneficial ownership of such property.   Where a ward is domiciled in this State, therefore, his domicile fixes the *situs* of his intangible personal property for taxation therein.

In such case, no statutory designation of the *situs* for taxation of such property is needed, unless it be the purpose of the legislature to alter the settled policy of the State aforesaid.   Such a purpose will not be assumed, but, as aforesaid, must be made to plainly appear by the language of the statute.   In the absence of such a statute, the maxim *mobilia sequunter personam* is operative and fixes such *situs*.

The case of *Hurt* v. *Bristol,* 104 Va. 213, 51 S. E. 223, 7 Ann. Cas. 679, however, is cited and strongly relied upon by the plaintiff in error.   That case, it is true, held that the *situs* of intangible personal property owned by a lunatic, who had a committee having possession or control of the property, was at the domicile of the committee.   But that was a case of a committee who, under section 1702 of the Code, had a certain custody and control of the person of the lunatic, and the same principle did not apply which is applicable in the case of a guardian and ward with respect to the *situs* for taxation of the intangible personal property of the ward.

For the foregoing reasons, we find no error in the action of the court below, and the judgment under review will be affirmed.

*Affirmed.*