# Richmond.

## ELLETT V. COMMONWEALTH.

January 19, 1922.

Absent, Saunders, J.

1. TAXATION—*Life Estate in Choses in Action—Nonresident Trustee.*—Where a citizen of this State, resident in the State, has a life estate in choses in action held in trust for him by a nonresident trustee, such choses are taxable in this State, although they are not and never have been within the State, and the trustee is not a resident of the State.

2. TAXATION—*Life Estate in Choses in Action—Nonresident Trustee.*—The tax, though assessed in the name of the trustee, is not against him but against the beneficiary. The trustee is the mere conduit through the medium of which the tax upon the property of a citizen passes into the treasury.

3. TAXATION—*Life Estate in Choses in Action—Nonresident Trustee.*—In the instant case, it was objected that under the provisions of section 492 of the Code of 1904, as amended by Acts 1918, p. 169, the assessment should have been listed in the name of the trustee and not that of the life tenant.

   *Held:* That it was wholly immaterial to the life tenant whether the tax was assessed to and paid by the trustees or the life tenant, and one liable to assessment for taxes cannot evade payment by reason of errors or irregularities which do not prejudice his rights.

4. TAXATION—*Life Estate in Choses in Action—Nonresident Trustee—Situs for Taxation.*—Section 492 of the Code of 1904, as amended by Acts 1918, p. 169, Code of 1919, section 2307, undertakes to fix the *situs* for taxation of intangible property held by a trustee for the benefit of a person over twenty-one years of age. The *situs* sought to be fixed is a *situs* in this State. If the trustee is not a resident of the State, then as to the fund held by the trustee there is no trustee for the purpose of the statute, and the property is, under the terms of the statute, to be listed by and taxed to the beneficiary in the county or corporation wherein he resides.

Error to a judgment of the Hustings Court of the city of Richmond on petition for relief from an assessment. Judgment for the Commonwealth. The petitioner assigns error.

*Affirmed.*

*R. L. Montague,* for the plaintiff in error.

*E. Warren Wall,* for the Commonwealth.

PER CURIAM.

[1, 2] It has been frequently decided that under the tax laws of this State, where a citizen of this State, resident in the State, has a life estate in choses in action held in trust for him by a nonresident trustee, such choses are taxable in this State, although they are not and never have been within the State, and the trustee is not a resident of the State. *Selden* v. *Brooke,* 104 Va. 832, 52 S. E. 632; *Wise* v. *Commonwealth,* 122 Va. 693, 95 S. E. 632; *Brooklyn Trust Co.* v. *Booker,* 122 Va. 680, 95 S. E. 664. In the instant case, the only objection made to the assessment is that, under the provisions of section 492 of the Code, as amended by Acts 1918, page 169, it should have been listed in the name of the trustee and not in that of the life tenant. The cases cited are also authority for the proposition that the tax, though assessed in the name of the trustee is not against him but against the beneficiary, and the trustee is the mere conduit through the medium of which the tax upon the property of a citizen passes into the treasury. This is undoubtedly so where, as here, the income of the life tenant from the fund is in excess of the tax imposed.

[3, 4] In *Bridgewater Mfg. Co.* v. *Funkhouser,* 115 Va. 476, 79 S. E. 1074, quoted with approval in *Wise* v. *Common-*

*wealth, supra,* it is said: "A person whose property is liable to assessment for taxes shall not be permitted to evade payment of his just proportion of the public burden by any errors, omissions or irregularities that do not prejudice his rights," and several cases are cited in support of the proposition. In the instant case, it is wholly immaterial to the life tenant whether the tax is assessed to and paid by the trustee or the life tenant. If paid by the trustee, he will deduct it from his receipts and pay only the balance to the life tenant. If the life tenant gets the gross receipts and pays the tax therefrom the result is the same. We are unable to see how the life tenant is or can be hurt by making the assessment in her name. The question of the *situs* of the property for the purpose of taxation was not involved nor considered in either of the cases above cited, nor was any question raised as to the propriety of listing the property in the name of the nonresident trustee. The only question involved was the right of the State to impose the tax. But, as said in *Taylor* v. *Commonwealth,* 124 Va. 445, 450, 98 S. E. 5, section 492 of the Code of 1904, as amended, undertakes to fix the *situs* for taxation of intangible property held by a trustee for the benefit of a person over twenty-one years of age. The *situs* sought to be fixed is, of course, a *situs* in this State. If the trustee is not a resident of the State, then as to the fund held by the trustee there is no trustee for the purpose of the statute, and the property is, under the terms of the statute, to be listed by and taxed to the beneficiary in the county or corporation wherein he resides.

We find no error in the judgment of the hustings court, and it will, therefore, be affirmed.

*Affirmed.*