# Staunton

E. St. Clair Miller and Mildred Miller v. The Citizens National Bank, Covington, Virginia, etc.

## and

The Citizens National Bank, Covington, Virginia, etc. v. E. St. Clair Miller and Mildred Miller.

September 6, 1950.

Record Nos. 3661, 3662.

Present, Hudgins, C. J., and Gregory, Eggleston, Spratley, Buchanan and Miller, JJ.

The opinion states the case.

*T. Moore Butler*, *J. M. Perry* and *R. C. Stokes*, for the appellants.

*C. C. Collins*, for the appellee.

GREGORY, J., delivered the opinion of the court.

The first case styled above, presented by record No. 3661, was a suit brought by the bank, executor, etc., against the Millers for the purpose of construing the will of Henry E. Miller, deceased. The second case of Citizens National Bank, etc. v. E. St. Clair Miller and Mildred Miller, presented by record No. 3662, was brought by a petition filed by the Millers against the bank, the purpose of which was to terminate a trust which the trial court held had been set up in said will for the benefit of the Millers.

The facts as outlined in the two records are not in dispute and are gathered from the pleadings and an agreed statement of facts. They are as follows: Henry E. Miller died testate in January, 1938. His will was made in 1931 and admitted to probate on February 4, 1938. The Citizens National Bank of Covington was nominated as executor and duly qualified as such. At the time of the death of the testator his estate was estimated to be of the approximate value of $27,553, and at the time of the institution of this suit it was of the approximate value of $75,000.

The pertinent portion of the will is as follows:
"* * *

"SECOND, after the payment of such funeral expenses and debts, I give, devise, and bequeath all of my property both real and personal to my wife, Callie V. Miller for her life time.

"THIRD, I direct at the death of my wife, Callie V. Miller, that all of my property both real and personal be converted into cash as soon as practical and the proceeds be invested in sound securities.

"FOURTH, I direct that my executors, hereinafter named, to sell such bonds so as to enable them to pay to each of my surviving heirs ($600.00) Six hundred dollars a year. This amount to be deducted from the principal sum of my estate.

"FIFTH, I bequeath all of the income derived from all of my property both real and personal to my wife, Callie V. Miller, for her life time.

"SIXTH, At the death of my wife, Callie V. Miller, I direct that all the income, derived from any source, be equally divided among my surviving heirs."

Callie V. Miller, the widow and life tenant, died on November 30, 1947. She and the testator were survived by two children who are the appellants here in record No. 3661. Soon after the death of the widow the executor exhibited its bill against E. St. Clair Miller and Mildred Miller, the sole surviving heirs and children of the testator, praying that the said will might be construed. The two children answered and joined in the prayer for a construction of the will. In their answer they contended that the will violated the rule against perpetuities and that the manifest intent of the testator was to provide a life estate for his widow with a vested remainder to them, and they also claimed that the fourth and sixth clauses of the will were repugnant, so that the sixth clause, being the later, should be given conclusive effect, and when so done they would take a fee simple estate after the death of the life tenant.

The court held, and we think correctly, that the will did not violate the rule against perpetuities or impose any restraint upon alienation. It also correctly held that the remainder created after the life estate of Callie V. Miller was a vested one in E. St. Clair Miller and Mildred Miller, the two children.

The court held, and we think erroneously, that it was the testator's intention by clause four to set up a trust for the benefit of his two children, they being his surviving heirs, and to allot to each of them, to be paid out of the corpus of the estate, the sum of $600 per year. This trust the court directed the executor to execute.

The court held that the sixth clause of the will, when read in connection with the whole will, did not carry a gift of the corpus of the estate, and that the will did not contain any irreconcilable clause.

An opinion was handed down which was made a part of

the record and which was carried into effect by the court's decree.

There are three assignments of error. First, that the court erred in decreeing that the sixth clause of said will did not carry a gift of the corpus of the estate. The appellants insist that it gave to E. St. Clair Miller and Mildred Miller a fee simple absolute estate in the corpus upon the principle that a gift to one of the entire income and interest to be derived from an estate is a gift or grant of the fee, that it amounts to a devise of the property itself.

The second assignment is that the court erred in decreeing that the will did not contain any irreconcilable clauses.

The third assignment is that the fourth clause is to be construed as a devise or bequest to each of the testator's children of one-half of his estate, with the immediate possession and enjoyment thereof.

The will discloses that the testator, by clause No. 2, gave his wife a life estate in all of his property, and that by clause No. 5 he gave her a life estate in all income to be derived from his property. By the third clause he directed that at the death of his wife all of his property should be converted into cash and the cash invested in sound securities, and under clause No. 4 the executors were directed "to sell such bonds so as to enable them to pay to each of my surviving heirs $600 a year" out of the principal of the estate. And clause No. 6, after the death of the life tenant, is a clear devise or bequest of all of the income derived from any source to the two surviving heirs who are the children of the testator.

Counsel for the executor maintains that it is true as an abstract rule of construction, a gift of rents, profits or income, without limitation as to time or duration, is a gift of the corpus. However, he maintains that this rule of construction is not applicable here because the testator directs the payment of $1,200 per year out of the corpus and that this alone fixes the time and duration, to-wit: "For the lifetime of the appellants or until the corpus is

extinguished by the annual payments of $1,200." The difficulty with this contention is that clause No. 4 does not provide that the payments are for the life of E. St. Clair Miller and Mildred Miller, nor does it provide that they shall continue until all of the corpus is extinguished, and we cannot read into the clause such provisions, for under the clause there is no limitation as to time and there is no gift over in case of the death of either of the children of the testator. If death should intervene and take away either one or both of the children of the testator before the corpus should be exhausted what remained would not go to the heirs of the testator because he, by his will, manifests that he did not desire to die intestate as to the corpus of his estate or any part thereof. In such event the residue of the corpus would go to the heirs, distributees or transferees of the child so dying.

It is interesting to note that nowhere in the will is there an express gift over of any remainder. The clear implication from the reading of the will is that the testator intended his two children to have a vested remainder which, in our opinion, ripened into title in fee upon the death of the life tenant.

The testator's obvious intention was to make his two children beneficiaries of his entire estate in fee after his wife's death. No other persons or limitations are mentioned, and if their estate is to be cut short by death as is contended, such a construction would in effect read into the will a limitation of a life estate which would be contrary to the testator's intention and not justified by the language used.

In 19 Am. Jur., Estates, sec. 24, the general rule that a gift of the total income of property is a gift of the property itself is clearly stated thus: "A devise of the use, income, rents, profits, etc., of property according to the rules of will construction amounts to a devise of the property itself. This principle has often been applied specifically to determine the quantum of an estate passed by a devise. It has been repeatedly held that a devise of the use, con-

trol, or possession or of the rents, profits, interest, or income of property passes a fee if the context of the will shows that an interest entire in duration was intended. If a devise of the income of property is accompanied by other expressions showing an unequivocal intention to pass less than a fee, it will not be held to pass a fee. Hence, a devise of the rents, profits, and income of certain real property for life is in effect a devise of the property itself for life, but is not a devise of the fee. The intention to limit the estate to one for life distinctly appears."

There is nothing in the will which discloses an intention of the testator to give less than a fee to his children after his wife's death. In fact, there is no express provision in the will nor can any fair implication be drawn therefrom that he did not desire them to have the fee. No others are interested and if the entire will were eliminated the children would be the sole heirs of the testator and would take the estate by inheritance. There is no limitation to them for life.

Again in 57 Am. Jur., Wills, sec. 1195, the general rule is reiterated to the effect that a devise of rents, profits and income of an estate constitutes a gift thereof unless by the other provisions of the will a contrary intention appears. To the same effect is 57 Am. Jur., Wills, sec. 1196.

Mr. Harrison, in his work on Wills and Administration, Vol. 1, sec. 241, says: "An absolute gift of the income or the rents and profits derived from real estate is sufficient to create an absolute estate in the corpus. It is, of course, perfectly competent for the testator to separate the use from the corpus and when he does so, effect is given to his intent. Thus, the testator may give the use of property to one person for a definite period and the corpus of the property to another at the expiration of that period. In a note to *Perry* v. *Hackney*, 142 N. C. 368, 55 S. E. 289, 115 Am. St. Rep. 741, 9 Ann. Cas. 244, the annotator has collected cases from various jurisdictions which fully sustain this doctrine."

In *Dunlop* v. *Harrison*, 14 Gratt. (55 Va.) 251, at page

267, the court said: "* * * And where the interest or profits of the subject are given to or in trust for a legatee or for the separate use of a legatee, without limitation as to continuance, the principal or corpus will be considered as bequeathed also unless from the nature of the subject or the context of the will, the interest or produce only was plainly intended. 2 Lomax Ex'ors 71; *Elton* v. *Sheppard*, 1 Bro. C. C. 532; *Philipps* v. *Chamberlaine* [4 Ves. R. 51], ubi sup.; *Rawlins* v. *Jennings*, 13 Ves. R. 39; *Adamson* v. *Armitage*, 19 Ves. R. 411. In the case last cited Sir William Grant said, 'In the case of personalty words of qualification are required to restrain the extent and duration of the interest. Prima facie a gift of the produce of a fund is a gift of that produce in perpetuity, and is consequently a gift of the fund itself.' "

See also *Wise* v. *Commonwealth*, 122 Va. 693, 95 S. E. 632.

Our conclusion is that clause No. 6 gave to the two children of the testator, after the death of his wife, an estate in fee. This being true, the prior provision in clause No. 4 postponing the enjoyment of the estate appears irreconcilable and repugnant and is therefore invalid. Where two clauses in a will cannot be reconciled and are repugnant the last prevails. (See Digest Va. and W. Va. Reports (Michie), Vol. 9, page 1107, for a number of cases.) To give effect to that provision of clause No. 4 would be to limit the fee which is granted in clause No. 6, and this would be contrary to the law.

Our construction of the will of Henry E. Miller, deceased, in the foregoing opinion gives a fee in his estate to his two surviving heirs who are his two children. This decision necessarily rejects the idea that a trust was created by clause No. 4, therefore it is not necessary that we consider the case which is presented by record No. 3662. That case, being one to terminate a supposed trust, falls because we hold that no trust was created by clause No. 4 of the will. The foregoing opinion having disposed of

the case presented in record No. 3662 it is accordingly dismissed.

We have considered the motion to dismiss filed in record No. 3661 and find it without merit. It is therefore overruled.

The decree of the court entered on the 14th day of February, 1949 (record No. 3661), is reversed and the cause is remanded to the trial court for the entry of such decree as is indicated by the foregoing opinion.

*Reversed and remanded.*