## CIRCUIT COURT OF HENRICO COUNTY

Gertrude E. Meyer,
Trustee under the Will
of William E. Meyer

v.

Winifred S. House et al.

Case No. M-343

By JUDGE E. BALLARD BAKER

March 15, 1974

The question relates to the application of the rule against perpetuities to the trust created by William H. Meyer and Gertrude E. Meyer on July 17, 1967, and made a part of the Will of William H. Meyer on the same date. Mr. Meyer died November 11, 1967. Gertrude E. Meyer, his wife, is living.

Under the trust, income is payable to Gertrude E. Meyer for her life, then to Elinor Kuhn and Winifred House, daughters of the Meyers, for the life of each. On the death of the two daughters, an equal share of the trust Principal is set aside for each child of Mrs. Kuhn, with distribution being made to any Kuhn child over thirty, free of trust. As to a Kuhn child under thirty, income only is paid until the age of thirty, at which time the trust terminates as to such child and he gets his share of the principal free of trust.

In *Miller v. Citizens National Bank*, 191 Va. 297 (1950), the Court pointed out that a gift of income, without limitation, is considered as a gift also of the principal unless the context of the Will indicates other-

wise. Paragraphs 6, 7, and 9 of the Meyer Will must be considered to determine if that rule applies.

Paragraphs 6 and 7 refer to the death of a child of Mrs. Kuhn, a grandchild of Mr. Meyer, and makes for a disposition of the principal in that event. Paragraph 9 requires that a grandchild reach thirty, or the principal goes to the Shriner's Crippled Children's Hospital, whether any grandchild has left a child of his own or not.

In these three paragraphs, the testator is disposing of the principal in the event a grandchild dies without issue or before reaching thirty. Such dispositions are inconsistent with the view that a grandchild takes an indefeasible interest in the principal on the death of Mrs. Kuhn. See *Love v. Roper*, 198 Va. 263 (1956); *Rinker v. Trout*, 171 Va. 327 (1938).

It appears to me that no grandchild has a vested interest in the trust until he or she reaches the age of thirty. That being so, what is the effect on the trust of the rule against perpetuities?

The rule against perpetuities is that:

[A]n interest under a will is valid under the rule against perpetuities provided the interest must vest, if at all, not later than twenty-one years and ten months after the death of a life in being at the testator's death. (*White v. National Bank*, 212 Va. 568 at 571 (1972))

In *Baldwin v. Baldwin*, 199 Va. 883 (1958), it is stated that the rule is:

a positive mandate of law to be obeyed irrespective of the question of intent, and is to be applied even if the accomplishment of the expressed intent of the testator is made impossible. (199 Va. 887)

In *Claiborne v. Wilson*, 168 Va. 469 (1937), it is also stated that:

[T]he executory interest is void for remoteness if, at its creation, there exists a possibility that it may not take effect during any number

of now existing lives, nor within twenty-one years and ten months after the expiration of such lives, even though it is highly probable, or indeed, almost certain, that it will take effect within the time prescribed. (168 Va. 474)

The lives in being at the date of the trust and at the death of William Meyer were his wife, Gertrude, his two daughters, Mrs. House and Mrs. Kuhn, and three children of Mrs. Kuhn, Paul, Wendy and Janice, all of whom are infants. Thus, any interest created must vest within twenty-one years and ten months after the death of these persons.

The trust does not limit the possible eventual takers of the principal to Paul, Wendy or Janice. Any child of Mrs. Kuhn who survives her takes under the trust. In contemplation of law, a person may have children at any time prior to death. Thus, the trust must be construed with consideration of the possibility that there may be other children born of Mrs. Kuhn. Under paragraph 5 of the trust, any later-born children take an equal share in the income with Paul, Wendy or Janice but must reach thirty before the principal vests.

It is obvious that there is a possibility that Mrs. Kuhn may have another child or children born after the death of Mr. Meyer, and that all the lives in being could end before such child or children reach the age of eight years and two months. Thus, it is possible that the principal could vest in a child of Mrs. Kuhn more than twenty-one years and ten months after the deaths of Gertrude Meyer, Mrs. House, Mrs. Kuhn, Paul, Wendy and Janice.

While this is a remote possibility, any possibility is sufficient to make the gift invalid under the rule.

Possibilities can be found under paragraphs 6 and 7, which would have the principal of the trust going to a grandchild of Mrs. Kuhn, who could well be a person born after the period prescribed by the rule.

Thus, under paragraph 6 of the trust the following is possible. Paul, Wendy, and Janice all die prior to thirty, without issue. One or more later-born children of Mrs. Kuhn also dies prior to thirty, but leave issue. This issue, a great grandchild of Mr. Meyer, would take the share of his parent, one of the later-born Kuhn child-

ren. This great grandchild could well be born long after the death of Mrs. Meyer, Mrs. House, Mrs. Kuhn, Paul, Wendy or Janice.

Under paragraph 7, assuming the above factual possibility, the shares of Paul, William and Janice, each of whom we assume die without issue would go to the great grandchild. This great grandchild, as indicated, could be born well after the death of all lives in being.

It thus appears that the entire principal of this trust could eventually go to a great grandchild, the issue of a person not yet in being. This is void for remoteness under the rule against perpetuities and the result here would be the same even if the principal vested at birth rather than at age thirty.

The reasons this trust violates the rule are therefore:

1. Children of Mrs. Kuhn do not take vested interests. Survival to thirty is essential.

2. Unborn children of Mrs. Kuhn, not living at the death of Mr. Meyer, have the same interest as a presently living child and must reach thirty before the principal vests. This could be after the death of all lives in being plus twenty-one years and ten months.

3. All of Mrs. Kuhn's children, including those born after the death of Mr. Meyer, could die prior to thirty, and one of the later-born could leave a child. This child, a great grandchild of Mr. Meyer is a beneficiary under the trust and would take. This could be after the period of the rule.

The strong likelihood, or the eventual fact, of Paul, Wendy or Janice reaching the age of thirty does not save the gift to either or all. The situation must be considered as of the death of Mr. Meyer. Had either of the named children been thirty at Mr. Meyer's death, the situation would be different. Gray, *Rule Against Perpetuities* (4th ed.) § 379.

The contingent gift to the Shriners under paragraph 9 also falls for the same reason of remoteness. Gray, sec. 328; *Claiborne v. Wilson*, 168 Va. 469.

Provisions similar to those set up in this trust are discussed in Gray, at §§ 205.2, 215, 328, 369, 372, 373, 374, 375 and 379. Also, see *Hamson on Wills* (2nd

ed.) secs. 358, 361, 370; 61 Am. Jur. 2d, *Perpetuities,* secs. 22, 24, 74, 75, 76, 79; *Burruss v. Baldwin, supra.*

It seems rather clear then that the disposition of principal is void for remoteness under the rule. What does that do to the income payments under the trust? Is the entire trust invalidated or just the gifts of principal?

As the gifts of principal are void, it appears Mr. Meyer died intestate as a Florida resident as to the principal. What is the Florida law with respect to the personal estate in such a situation? Is it similar to Virginia's Section 64.1-11?

If the entire trust is void, then does Gertrude Meyer have to return to the William Meyer estate that income which she has received? Also, does Mrs. Meyer receive back that which she put into the trust. If so, how is that amount to be established?

### April 9, 1974

It appears to me that the gifts of principal, held void for remoteness for reasons stated in my letter of March 15, 1974, were essential parts of the general plan of the trust for the Kuhn children and that the income provisions as to these children cannot be separated and sustained. 61 Am. Jur. 2d, *Perpetuities,* §§ 78, 79, 80, 88, 89. While the same considerations are not necessarily applicable to the life interest in income of Gertrude H. Meyer, Winifred S. House and Elinor M. Kuhn, they are capable of waiving any interest they might have under the trust in Mr. Meyer's will and, in view of Mr. Paul's letter of March 26, are presumably willing for any final decree in this case to so reflect.

Consequently, I am willing to enter an order holding the trust void as to all provisions for the Kuhn children, expressing the waivers of Mrs. Meyer, Mrs. House and Mrs. Kuhn as to the life interest in income provided for them, terminating the trust and providing for the distribution of the estate of William H. Meyer in accord with the laws of Florida.

As Mrs. Meyer is not before the Court in her individual capacity, she should endorse the proposed decree.

Whether the trust is to be terminated as of this date or, pursuant to waiver of the life tenants, as of

472

November 11, 1967, or some other date is not of any apparent consequence.